UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE L. CRISP, III,<br><br>        Petitioner,<br><br>   v.<br><br>CALIFORNIA HEALTH CARE FACILITY,<br><br>        Respondent. | No. 2:14-cv-0239 AC P<br><br>ORDER |

Petitioner, a state prisoner at California Health Care Facility, has filed a document styled "petition for writ of habeas corpus." Petitioner, who has consented to the jurisdiction of the undersigned, ECF No. 4, does not appear to be challenging his conviction or sentence. The filing is 175 pages long, and consists largely of a series of petitioner's staff complaints, prison health care appeals and inmate grievances. Subsequently, petitioner has filed a putative motion to stop staff retaliation, in which he seeks an order directing various medical, appeals and custody staff to "cease and decist [sic]" alleged vindictive and retaliatory actions against him in relation to his filing of inmate grievances and health care appeals. ECF No. 5.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province

1

of habeas corpus, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 [] (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

<u>Muhammad v. Close</u>, 540 U.S.749, 750 (2004) (per curiam).

To the extent the court is able to decipher petitioner's pleading, it appears to challenge his conditions of confinement. Such challenges may not be pursued via habeas corpus. Accordingly, the petition will be summarily dismissed and petitioner's motions, including his motion to proceed in forma pauperis, are denied as moot.

Petitioner is informed that in order to commence an action challenging the conditions of his confinement under 42 U.S.C. § 1983, he must, as plaintiff, file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure, and must either pay the required $350 filing fee or file an application requesting leave to proceed in forma pauperis. <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The petition filed January 27, 2014, ECF No. 1, is summarily dismissed; petitioner's motions at ECF Nos. 2 and 5 are denied as moot; and this case is closed.

2. Should petitioner seek to file a complaint pursuant to 42 U.S.C. § 1983, he may open a new case as plaintiff and file a complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice, along with an application to proceed in forma pauperis, or the filing fee in the amount of $350.00.

DATED: April 2, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE